IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

YASMEEN DANIEL, Individually, and
as Special Administrator of the
ESTATE OF ZINA DANIEL HAUGHTON
P.O. Box 510233
Milwaukee, WI 53203,

       Plaintiffs,

vs.

ARMSLIST, LLC, an Oklahoma Limited Liability
Company,
616 Magee Avenue
Jeannette, PA 15644

BRIAN MANCINI,
300 Heinz Street
Pittsburg, PA 15212

BROC ELMORE,
4212 Middlefield Court
Norman, OK 73072

JONATHAN GIBBON,
616 Magee Avenue
Jeannette, PA 15644

DEVIN LINN,
6378 Fairdale Drive
Cedarburg, WI 53012

ABC INS. CO., the fictitious name for an unknown
insurance company,

DEF INS. CO., the fictitious name for an unknown
insurance company, and

ESTATE OF RADCLIFFE HAUGHTON, by his
Special Administrator Jennifer F. Valenti,
6604 West Glenbrook Road
Brown Deer, WI 53223

       Defendants.

Case No. _____

(Removed from Milwaukee County
Circuit Court Case No.: 2015 CV
008710)

1

# DEFENDANTS ARMSLIST LLC, BRIAN MANCINI, BROC ELMORE, AND JONATHAN GIBBON'S NOTICE OF REMOVAL

Defendants Armslist, LLC, Broc Elmore, Brian Mancini, and Jonathan Gibbon (collectively "Defendants") pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, file this Notice of Removal to the United States District Court for the Eastern District of Wisconsin. In support of removal, Defendants state:

## I. STATE COURT PROCEEDINGS

1. On October 21, 2015, Plaintiff Yasmeen Daniel, individually and as Special Administrator of the Estate of Zina Daniel Haughton, ("Plaintiff"), commenced this civil action against Defendants, as well as Devin Linn, ABC Ins. Co., Def. Ins. Co, and the Estate of Radcliffe Haughton (collectively, the "Non-Moving Defendants") in the Circuit Court of Milwaukee County, Wisconsin (Case No. 2015-CV-008710) (the "Action"). A copy of the Complaint is attached to this Notice as Exhibit 1.

2. Service of Plaintiff's Petition was obtained on Defendants on October 22, 2015. *See* Exhs. 2-5, Affidavits of Service. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

3. As set forth more fully below, this case is properly removed to this Court pursuant 28 U.S.C. §§ 1331, 1441, and 1446 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## II. GROUNDS FOR REMOVAL

A. <u>Defendants have satisfied the procedural requirements for removal</u>.

4. Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint as well as the Affidavits of Service filed in this Action are attached as Exhibits 1-7, respectively. Defendants have not been served with any other process, pleadings, or orders in the state court other than the

documents attached to this Notice. Moreover, there are no motions pending or hearings currently scheduled.

5. Under 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Wisconsin is the appropriate court for filing this Notice of Removal. *See* 28 U.S.C. § 130(a).

6. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and filed in the state court promptly after filing.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

8. This Notice of Removal is signed in accordance with Fed. R. Civ. P. 11.

9. Pursuant to 28 U.S.C. § 1446(b), Devin Linn, the only properly served Non-Moving Defendant, consents to the removal of the Action. *See* Ex. 8, Affidavit of Kevin M. Fetherston.[1]

---

[1] Plaintiff attempted to serve Jennifer F. Valenti as Special Administrator of the Estate of Radcliffe Haughton. Ms. Valenti was only appointed special administrator of Haughton's estate in Radcliffe Haughton's probate matter for a limited purpose and was dismissed as special administrator by the Court in the foreclosure action eight months before being served with the Summons in this action. Exh. 9, Affidavit of Christopher M. Scaperlanda ("Scaperlanda Aff.") at ¶¶ 4-5. Ms. Valenti also served as special administrator of the shooting victim, Zina Haughton's, estate in a separate probate matter. *Id.* At the time she was "served," Ms. Valenti was not special administrator of Radcliffe Haughton's estate in any capacity. Since Radcliffe Haughton's estate has not been served, its consent is not necessary for this removal to be proper. 28 U.S.C. § 1446(b)(2)(A) ("all defendants <u>who have been properly joined and served</u> must join in or consent to the removal of the action") (emphasis added).

For removal to be proper, it is not necessary to obtain the consent of unknown defendants, such as "ABC Ins. Co." and "DEF Ins. Co." *Hess v. Great Atlantic Pac. Tea Co., Inc.*, 520 F.Supp. 373 (N.D. Ill. 1981) ("Nominal or formal parties, unknown defendants, and defendants fraudulently joined may be disregarded" for determining whether all defendants have consented to removal); *Northern Illinois Gas Co. v. Airco Indus. Cases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition"); *Creed v. Virginia*, 596 F.Supp.2d 930, 933 n.1 (E.D. Vir. 2009) ("Removal does not require the consent of the John Doe Defendants. The general rule that all defendants must consent is disregarded when the non-joining defendants are unknown").

B.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. This Court has original jurisdiction over the Action under 28 U.S.C. § 1331 because Plaintiff's Complaint asserts various claims arising under the laws of the United States. Specifically, Plaintiff's Complaint alleges that the Defendants' and Non-Moving Defendants' conduct constitutes violations of 18 U.S.C. 2 (*See* Ex. 1, ¶¶ 110, 141), 18 U.S.C. 922(d) (*See* Ex. 1, ¶ 174), and 18 U.S.C. 922(g) (*See* Ex. 1, ¶¶ 35, 110, 141).

12. "A case arises under federal law if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Trustees of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006))). Plaintiff's Complaint creates the first type of federal question: it states a claim created by federal law.

13. Specifically, Count VI of Plaintiff's Complaint states a cause of action created by federal law. It alleges that Defendants and co-defendant Devin Linn should be liable to Plaintiff for violating a federal statute, 18 U.S.C. § 922(d). Complaint at ¶ 174 ("The Armslist Defendants aided, abetted, encourages, urged, and acquiesced in Linn's sale of the Murder Weapon to Radcliffe Haughton <u>in violation of 18 U.S.C. § 922(d)</u>") (emphasis added). *See also*

---

Moreover, in addition to being an unknown entity, "ABC Ins. Co." is a fictitious name for an entity that does not exist. Per the Complaint "ABC Ins. Co." is Defendants' insurer, which "agreed to pay all sums for which [Defendants] might become liable for claims such as those" in the Complaint. Defendants have no such insurance coverage, however. *See* Scaperlanda Aff. at ¶ 7.

4

Complaint at ¶ 110 ("The acts of the Armslist Defendants and Linn in aiding and abetting Radcliffe Haughton's unlawful possession of the murder weapon constitutes a federal crime under 18 U.S.C. § 2 and 18 U.S.C. § 922(g)").

14. Further, Federal law is referenced and relied upon throughout the Complaint. For example, as the basis for Plaintiff's claims against Defendants, the Complaint spends several paragraphs discussing Plaintiff's interpretation of what Congress intended when it required federally licensed firearms dealers (but not private sellers) to conduct background checks before selling firearms. Complaint ¶¶ 38-43 ("Federally licensed firearms dealers are required to conduct background checks on gun buyers…In enacting this requirement, Congress recognized and sought to address the inherent danger to the public posed by certain individuals possessing firearms. Unlicensed 'private sellers'…are not required under federal law to conduct background checks. When Congress required only those engaged in the business of selling firearms to conduct background checks, it did not intend to the open the door to a massive, permanent 24/7 online 'Firearms Marketplace…'").

15. Federal law also plays a central role in Count II, which states a negligence *per se* claim against Defendants and Linn, based on purported violations of federal law. It states, "The Armslist Defendants and Linn violated federal, state, and local statutes, regulations and ordinances, including without limitation by aiding and abetting the unlawful possession of a firearm pursuant to 18 U.S.C. § 2 and 18 U.S.C. § 922(g), and endangering safety by use of a dangerous weapon pursuant to Wis. Stat. § 941.20(1)." Complaint at ¶ 141. To prove a negligence *per se* claim based on alleged violations of 18 U.S.C. § 2 and 18 U.S.C. § 922(g) (or any other federal statute), Plaintiff will have to prove that Defendants did, in fact, violate those statutes. *See Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 682 (7th Cir. 2006) (applying Wisconsin law) ("In a typical negligence per se case, <u>a violation of a statute can be a basis for</u>

5

liability when the statute is intended to protect against the specific type of harm sustained by the plaintiff") (emphasis added).

16. The Complaint further alleges that "Any attempt by Radcliffe Haughton to purchase a firearm would also be a violation of federal and state law, which prohibits any person against whom a domestic violence restraining order has been issued from possession a firearm. 18 U.S.C. § 922(g), Wis. Stat. § 941.29.

17. Finally, it bears noting that all of Plaintiff's claims against Defendants are barred by federal law. Specifically, the Communications Decency Act, 47 U.S.C. § 230 protects providers of interactive computer services, like Armslist and its owners, from being held liable for statements made by third parties accessing the services. Courts routinely dismiss claims like Plaintiff's based on § 230's protections. *E.g.*, *Dart v. Craigslist, Inc.*, 665 F.Supp.2d 961, 967-68 (N.D. Ill. 2009) (§ 230 barred tort claims against Craigslist relating to prostitution facilitated by Craigslist's "Adult Services" section); *Gibson v. Craigslist, Inc.,* No. 08 Civ. 7735(RMB), 2009 WL 1704355, *3–4 (S.D.N.Y. June 15, 2009) (§ 230 barred tort claims against Craigslist relating to shooting perpetrated using firearm purchased in response to third party ad on Craigslist).

18. For the foregoing reasons, this Court has original jurisdiction over the Action.

19. This Court also has jurisdiction over the remainder of Plaintiff's claims under 28 U.S.C. § 1367 because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Indeed, Plaintiff's state law claims are based entirely on the same factual allegations as the federal claims. *See generally*, Ex. 1. Therefore, all of Plaintiffs' claims "derive from a common nucleus of operative fact" and are appropriately within the jurisdiction of this Court. *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) ("judicial power to hear both state and federal claims exists where the federal

claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts.") (quotations omitted).

### III. CONCLUSION

20. Defendants reserve the right to amend or supplement this Notice of Removal.

21. Defendants reserve all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

WHEREFORE, Defendants Armslist, LLC, Broc Elmore, Brian Mancini and Jonathan Gibbon hereby remove this Action from the Circuit Court of Milwaukee County, Wisconsin.

QUARLES & BRADY LLP

/s/ Joshua D. Maggard
Joshua D. Maggard (Wis. State Bar No. 1061378)
Eric J. Van Schyndle (Wis. State Bar No. 1076063)
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202-4426
(414) 277-5855 (telephone)
(414) 978-8955 (facsimile)
joshua.maggard@quarles.com
eric.vanschyndle@quarles.com

-and-

Christopher M. Scaperlanda, Okla. Bar No. 31703
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
(405) 235-9621 (telephone)
(405) 235-0349 (facsimile)
christopher.scaperlanda@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS ARMSLIST, LLC, BRIAN MANCINI, BROC ELMORE, AND JONATHAN GIBBON**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Filing Notice of Removal and attached Exhibit A was served via UPS Overnight on this 20th day of November, 2015 on:

Patrick O. Dunphy, Esq.
Brett A. Eckstein, Esq.
CANNON & DUNPHY, S.C.
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750

Jonathan E. Lowy
Alla Lefkowitz
Kelly Sampson
BRADY CENTER TO PREVENT
GUN VIOLENCE LEGAL ACTION PROJECT
840 First Street, NE
Suite 400
Washington, DC 20002

Jacqueline C. Wolff
Arunabha Bhoumik
Nirav S. Shah
Samantha J. Katze
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036

    /s/ Joshua D. Maggard

Joshua D. Maggard