UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

YASMEEN DANIEL, individually, and YASMEEN
DANIEL, as personal representative of the ESTATE
OF ZINA DANIEL HAUGHTON,

      Plaintiffs,

v.                                  Case No.  15-CV-1387-RTR

ARMSLIST, LLC, BRIAN MANCINI, BROC
ELMORE, JONATHAN GIBBON, DEVIN LINN,
ABC INS. CO., DEF INS. CO., and ESTATE OF
RADCLIFFE HAUGHTON, by his special
Administrator, Jennifer F. Valenti,

      Defendants.

---

## ANSWER TO COMPLAINT

---

Defendant, Devin Linn, by his attorneys, Peterson, Johnson & Murray, S.C., answers the complaint as follows:

1.      Answering paragraph 1, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny all such allegations.

2.      Answering paragraph 2, admit that on or about October 3, 2012, Zina Daniel Haughton called 911, but deny any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, deny all such allegations.

3.      Answering paragraph 3, admit on information and belief that the court proceedings referred to therein, the testimony referred to therein, and the order entered therein were issued, but deny on information and belief that such information was public or readily available knowledge at or about the time indicated.

4.      Answering paragraph 4, admit generally the truth of the allegations contained

therein.

5.      Answering paragraph 5, admit that on or about October 20, 2012, Radcliffe Haughton acquired the weaponry referred to therein from defendant Linn, but deny on information and belief the truth of the remaining allegations contained therein.

6.      Answering paragraphs 6, 7, and 8, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

7.      Answering paragraph 9, denies on information and belief the truth of the allegations contained therein.

8.      Answering paragraphs 10 and 11, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

9.      Answering paragraph 12, admits generally the truth of the allegations as to the corporate existence and identity of defendant ARMSLIST, but denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

10.     Answering paragraphs 13, 14, 15, and 16, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

11.     Answering paragraph 17, admits generally the truth of the allegations contained therein.

12.     Answering paragraphs 18, 19, and 20, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies

all such allegations.

13.     Answering paragraph 21, admits that jurisdiction over defendant Linn is proper, but denies the truth of the allegations as to the alleged tortious actions of defendant Linn.

14.     Answering paragraph 22, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

15.     Answering paragraph 23, admits that the venue is proper in Milwaukee County, but denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

16.     Answering paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

17.     Answering paragraph 38, admits that background checks by federally licensed arms dealers are required, but denies the truth of the remaining allegations contained therein.

18.     Answering paragraph 39, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

19.     Answering paragraph 30, admits that private sellers not engaged in the business of selling firearms are not required under federal law or otherwise to conduct background checks.

20.     Answering paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

21.     Answering paragraph 85, denies the truth of the allegations contained therein as to any time relevant to this action.

22.     Answering paragraphs 86, 87 and 88, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

23.     Answering paragraph 89, denies on information and belief the truth of the allegations contained therein.

24.     Answering paragraph 90, denies the truth of the allegations contained therein.

25.     Answering paragraph 91, admits that Radcliffe Haughton e-mailed defendant Linn on October 19, 2012, concerning the potential purchase of a weapon, but denies that that was the first such contact and denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

26.     Answering paragraphs 92 and 93, denies the truth of the allegations contained therein.

27.     Answering paragraph 94, admits that on October 20, 2012, defendant Linn met Haughton and sold and transferred possession of the handgun in question to him, but denies the truth of the remaining allegations contained therein.

28.     Answering paragraphs 95, 96, and 97, denies the truth of the allegations contained therein.

29.     Answering paragraph 98, admits the truth of the allegations contained therein but denies that defendant Linn knew of the availability of any such information and denies that any duty to so inquire existed.

30. Answering paragraph 99, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

31. Answering paragraph 100, denies the truth of the allegations contained therein.

32. Answering paragraph 101, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and affirmatively allege that, if any such allegations are true, defendant Linn had no knowledge of any such information.

33. Answering paragraphs 102, 103, and 104, denies the truth of the allegations contained therein.

34. Answering paragraphs 105, 106, 107, 108, and 109, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

35. Answering paragraph 110, denies the truth of the allegations contained therein as to defendant Linn; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

36. Answering paragraphs 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, and 127, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

37. Answering paragraph 128, realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this answer.

38. Answering paragraph 129, admits that defendant Linn was under certain duties to

exercise reasonable care and that a breach of any such duty constitutes negligence, but denies the truth of the remaining allegations contained therein.

39.     Answering paragraph 130, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

40.     Answering paragraph 131, admits that defendant Linn owed a duty to exercise reasonable care, but denies the truth of the remaining allegations contained therein.

41.     Answering paragraph 132, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

42.     Answering paragraph 133, denies the truth of the allegations contained therein.

43.     Answering paragraph 134, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

44.     Answering paragraph 135, denies the truth of the allegations contained therein.

45.     Answering paragraph 136, denies that defendant Linn breached any duty owed, whether as alleged therein or otherwise; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

46.     Answering paragraph 137, denies the truth of the allegations contained therein as to defendant Linn; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

47.     Answering paragraphs 138 and 139, denies that defendant Linn was negligent in any respect whatsoever; further answering said paragraph, denies on information and belief that any alleged negligence of defendant Linn caused or contributed to cause any injury, harm, damage, loss, or expense that may have been sustained by either defendant, whether as alleged therein or otherwise; further answering said paragraphs, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

48.     Answering paragraph 140, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

49.     Answering paragraphs 141, 142, 143, and 144, denies that defendant Linn violated any statute, regulation, or ordinance, whether as alleged therein or otherwise; further answering said paragraphs denies that any alleged violation of any such statute, regulation, or ordinance by defendant Linn caused or contributed to cause any injury, harm, damage, loss, or expense that may have been sustained by either plaintiff, whether as alleged therein or otherwise; further answering said paragraphs, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

50.     Answering paragraph 145, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

51.     Answering paragraph 146, admits generally the truth of the allegations contained therein.

52.     Answering paragraphs 147, 148, 149, 150, and 151, denies that defendant Linn had the knowledge or should have had the knowledge referred to therein or permitted Radcliffe Haughton, my negligent entrustment or otherwise, to use the handgun in question; further answering said paragraphs, denies that defendant Linn was negligent in any respect whatsoever, whether in entrusting the handgun or otherwise; further answering said paragraphs, denies that any alleged negligence or act or omission defendant Linn caused or contributed to cause any injury, harm, damage, loss, or expense that may have been sustained by either plaintiff, whether as alleged therein or otherwise; further answering said paragraphs, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

53.     Answering paragraph 152, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

54.     Answering paragraph 153, admits that Linn owed certain duties to other persons, but denies that the duties imposed on defendant Linn were as alleged therein; further answering said paragraph, admits that a breach of any duty imposed on defendant Linn of the type referred therein would constitute negligence, but denies that defendant Linn breached any duty or was negligent; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

55.     Answering paragraph 154, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

56. Answering paragraph 155, denies the truth of the allegations contained therein.

57. Answering paragraph 156, denies the truth of the allegations contained therein as to defendant Linn; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to the ARMSLIST defendant.

58. Answering paragraph 157, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

59. Answering paragraph 158, denies the truth of the allegations contained therein.

60. Answering paragraph 159, denies the truth of the allegations contained therein as to defendant Linn; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

61. Answering paragraphs 160, 161, 162, and 163, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

62. Answering paragraph 164, denies that defendant Linn was negligent in any respect whatsoever, whether as alleged therein or otherwise; further answering said paragraph, denies on information and belief that any alleged negligence on the part of defendant Linn caused or contributed to cause any injury, harm, damage, loss, or expense that may have been sustained by plaintiff Yasmeen Daniel, whether as alleged therein or otherwise; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

63.     Answering paragraph 165, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

64.     Answering paragraphs 166, 167, 168, 169, and 170, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

65.     Answering paragraph 171, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

66.     Answering paragraph 172, denies the truth of the allegations contained therein as to defendant Linn; denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

67.     Answering paragraph 173, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

68.     Answering paragraph 174, denies the truth of the allegations contained therein as to defendant Linn; denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

69.     Answering paragraphs 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, and 188, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

70.     Answering paragraph 189, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs

of this answer.

71.  Answering paragraphs 190, 191, and 192, denies the truth of the allegations contained therein as to defendant Linn; further answering said paragraphs, denies on information and belief that any alleged act or omission of defendant Linn caused or contributed to cause the death of Zina Daniel Haughton, whether as alleged therein or otherwise; further answering said paragraphs, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

72.  Answering paragraph 193, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

73.  Answering paragraphs 194, 195, 196, and 197, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

74.  Answering paragraph 198, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

75.  Answering paragraphs 199, 200, 201, 202, and 203, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

76.  Answering paragraph 204, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

77.  Answering paragraphs 205, 206, 207, and 208, denies any knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

## AFFIRMATIVE DEFENSES

Now comes this answering defendant, and as and for his first affirmative defense, alleges that some or all of the claims against defendant Linn asserted in the complaint fail to state claims upon which relief may be granted.

As and for a further affirmative defense, alleges specifically that the complaint fails to state a claim upon which relief may be granted in the form of punitive damages as to defendant Linn.

As and for a further affirmative defense, alleges that any claim for punitive damages against defendant Linn is limited by his rights under the United States and Wisconsin Constitutions.

As and for a further affirmative defense, alleges that any damages that may have been sustained by any plaintiff were caused directly and proximately by intervening and superseding causes, i.e., the criminal and intentional wrongful conduct of others at the time of and prior to the events involved herein.

As and for a further affirmative defense, alleges that, as a matter of public policy, the injuries allegedly sustained by plaintiffs are too remote from the conduct of defendants to impose liability as to defendants.

WHEREFORE, defendant, Devin Linn, demands judgment dismissing the complaint against him on its merits, together with his costs and disbursements herein.

Dated at Milwaukee, Wisconsin, this 17th day of December 2015.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Defendant, Devin Linn


By: */s/ Terry E. Johnson*
      Terry E. Johnson
      State Bar No. 1016704
      Kevin M. Fetherston
      State Bar No. 1084716

<u>P. O. ADDRESS</u>:
788 N. Jefferson Street, Suite 500
Milwaukee, WI  53202
414-278-8800
00912049.DOC