UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

YASMEEN DANIEL, Individually, and
As Special Administrator of the ESTATE
OF ZINA DANIEL HAUGHTON,

**Plaintiffs,**

**v.**

Case No.: 15-CV-1387-RTR

**ORAL ARGUMENT REQUESTED**

ARMSLIST, LLC,
BRIAN MANCINI,
BROC ELMORE,
JONATHAN GIBBON,
DEVIN LINN,
ABC INS. CO.,
DEF INS. CO.,
ESTATE OF RADCLIFFE HAUGHTON,

**Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................. 1

FACTS ........................................................................ 2

    1.    The Shooting ................................................. 2

    2.    Yasmeen Daniel Files A Complaint Asserting Causes Of Action Under Wisconsin State Law ................................................. 3

    3.    The Armslist Defendants Remove Yasmeen Daniel's State Law Claims To Federal Court ................................................. 4

ARGUMENT ................................................................. 5

I.    NONE OF THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT ARE CREATED BY FEDERAL LAW ................................................. 7

II.    PLAINTIFFS' STATE LAW CAUSES OF ACTION DO NOT CREATE A FEDERAL QUESTION ................................................. 8

    A.    The Complaint Does Not Raise a "Substantial and Disputed Federal Issue" ........ 9

    B.    Remanding This Action to State Court Preserves the Balance Between the Federal and State Systems ................................................. 12

III.    THE ARMLIST DEFENDANTS' PROSPECTIVE CDA AFFIRMATIVE DEFENSE DOES NOT CONFER SUBJECT MATTER JURISDICTION TO THIS COURT ................................................. 14

CONCLUSION ................................................................. 16

Case 2:15-cv-01387-RTR   Filed 12/18/15   Page 2 of 21   Document 20

# TABLE OF AUTHORITIES

## CASES

*Adventure Outdoors, Inc. v. Bloomberg*,
552 F.3d 1290 (11th Cir. 2008) .................................................................................10, 12

*Am. Well Works Co. v. Layne & Bowler Co.*,
241 U.S. 257 (1916).......................................................................................................7

*Bennett v. Larsen Co.*,
118 Wis.2d 681, 348 N.W.2d 540 (Wis. 1984) .................................................3, 9, 14

*Bennett v. Southwest Airlines, Co.*,
484 F.3d 907 (7th Cir. 2007) .............................................................................6, 9, 13

*Blankenship v. Bridgestone Ams.s Holding, Inc.*,
467 F. Supp. 2d 886 (C.D. Ill. 2006) .............................................................................11

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987).......................................................................................................14

*Chiapperini v. Gander Mountain Company*,
Case No. 14-cv-06281 (W.D.N.Y. 2014) .................................................................10

*Chicago Tribune Co. v. Board of Trustees of Univ. of Ill.*,
680 F.3d 1001 (7th Cir. 2012) ..................................................................................7, 14

*Cisneros v. Sanchez*,
403 F. Supp. 2d 588 (S.D. Tex. 2005) ..........................................................................15

*City of Camden v. Beretta U.S.A. Corp.*,
81 F. Supp. 2d 541 (D.N.J. 2000).................................................................................11

*City of Gary, Indiana v. Smith & Wesson Corp.*,
94 F. Supp. 2d 947 (N.D. Ind. 2000) ...........................................................................10

*Dart v. Craigslist, Inc.*,
665 F. Supp. 2d 961 (N.D. Ill. 2009) ...........................................................................15

*DeLuca v. Tonawanda Coke Corp.*,
No. 10-CV-8598, 2011 WL 3799985 (W.D.N.Y. Aug. 26, 2011) ........................................11

*Doe v. Allied-Signal, Inc.*,
985 F.2d 908 (7th Cir. 1993) ..........................................................................................5

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006)......................................................................................................6, 9

*Finch v. Wis. Auto Title Loans, Inc.*,
586 F.Supp.2d 1070 (E.D. Wis. 2008).................................................................................7, 9

# TABLE OF AUTHORITIES

**Page(s)**

*Friedman v. City of Highland Park*,
784 F.3d 406 (7th Cir. 2015), *cert. denied sub nom.*, No. 15-133, 2015 WL
4555141 (U.S. Dec. 7, 2015) ................................................................................12

*Fuller v. BNSF Railway Co.*,
472 F. Supp. 2d 1088 (S.D. Ill. 2007) ...................................................................10

*Gibson v. Craigslist*,
No. 08 Civ. 7735 (RMB), 2009 WL 1704355 (S.D.N.Y. June 15, 2009) ..............15

*Giles v. Chicago Drum, Inc.*,
631 F. Supp. 2d 981 (N.D. Ill. 2009) ......................................................................6

*Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manuf.*,
545 U.S. 308 (2005).................................................................................... passim

*Gunn v. Minton*,
133 S. Ct. 1059 (2013)..............................................................................5, 6, 12

*In re Baxter*,
Case No. 01-00026-M, 2001 WL 34806203 (W.D. La. 2001) ...............................15

*In re Wal-Mart Employee Litig.*,
271 F. Supp. 2d 1080 (E.D. Wis. 2003)..............................................................5, 11

*Jefferson v. Amadeo Rossi, S.A.*,
Civ. A. No. 01-CV-2536, 2002 WL 32154285 (E.D. Pa. 2002) ...........................10

*Lackner v. Sanchez*,
Case No. Civ.A. B-05-264, 2005 WL 3359356 (S.D. Tex. Dec. 9, 2005) ............15

*Lancaster v. Astellas Pharma, Inc.*,
No. 08-CV-0133-MJR, 2008 WL 4378441 (S.D. Ill. 2008)....................................9

*Leviston v. Jackson*,
Case No. 15 Civ. 4563(KPF), 2015 WL 3657173 (S.D.N.Y. June 12, 2015) .................14, 15

*Lopez v. Badger Guns, Inc.*,
No. 10-cv-18530 (Wis. Cir. 2014) .........................................................................13

*McAleavy v. Lowe*,
259 Wis. 463, 49 N.W.2d 487 (Wis. 1951) .............................................................3

*McNamara v. Arms Tech., Inc.*,
71 F. Supp. 2d 720 (E.D. Mich. 1999)...................................................................11

*Merrell Dow Pharms. Inc. v. Thompson*,
478 U.S. 804 (1986).........................................................................5, 9, 13, 14

*Mickalis Pawn Shop, LLC v. Bloomberg*,
482 F. Supp. 2d 707 (D.S.C. 2007)........................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

*Mulcahey v. Columbia Organic Chems. Co.*,
    29 F.3d 148 (4th Cir. 1994) ........................................................................11

*Norberg v. Badger Guns, Inc.*,
    No. 10-cv-20655 (Wis. Cir. 2014) ..............................................................13

*Rifkin v. Bear Stearns & Co.*,
    248 F.3d 628 (7th Cir. 2001) .........................................................................7

*Stately v. Indian Comm. School of Milwaukee, Inc.*,
    351 F. Supp. 2d 858 (E.D. Wis. 2004)...........................................................7

*Sulla v. Horowitz*,
    Case No. 12-00449 SOM/KSC, 2012 WL 4758163.......................................15

*Tensfeldt v. Haberman*,
    319 Wis.2d 329, 768 N.W.2d 641 (Wis. 2009) ..........................................4, 9

*Trustees of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr*,
    694 F.3d 803 (7th Cir. 2012) .........................................................................4

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009)...................................................................................7, 14

*Vincent v. Quality Addiction Mgmt., Inc.*,
    No. 11-C-205, 2012 WL 404877 (E.D. Wis. Feb. 7, 2012).................6, 9, 13, 14

*Winslow v. Brown*,
    125 Wis.2d 327, 371 N.W.2d 417 (Wis. Ct. App. 1985)..................................4

## STATUTES

18 U.S.C. § 2.................................................................................................3, 4, 8

18 U.S.C. § 922(d)......................................................................................2, 4, 5, 9

18 U.S.C. § 922(g)........................................................................................3, 4, 9

28 U.S.C § 1331.............................................................................................7, 14

28 U.S.C. § 1367...............................................................................................7

28 U.S.C. § 1441(a) ...........................................................................................5

28 U.S.C. § 1447(c) ......................................................................................1, 16

47 U.S.C. § 230....................................................................................... passim

Wis. Stat. § 941.20(1) ........................................................................................3

Wis. Stat. § 941.29(4) ........................................................................................2

Case 2:15-cv-01387-RTR   Filed 12/18/15   Page 5 of 21   Document 20

Yasmeen Daniel, suing individually and as Special Administrator of the Estate of Zina Daniel Haughton (together, "Plaintiffs"), respectfully submits this memorandum of law in support of her motion to remand this case to the Circuit Court of Milwaukee County, Wisconsin pursuant to 28 U.S.C. § 1447(c).

## PRELIMINARY STATEMENT

This personal injury action arises out of an October 2012 mass shooting at the Azana Spa and Salon in Brookfield, Wisconsin. In the Complaint, Yasmeen Daniel asserts eleven causes of action under Wisconsin tort law to recover for the wrongful death and pain and suffering of her mother, Zina Daniel Haughton, who was gunned down at the Azana Spa and Salon, as well as the trauma sustained by Yasmeen Daniel. Plaintiffs assert claims against (i) the estate of the shooter, Radcliffe Haughton, who resided in Milwaukee County at the time of his death, (ii) Devin Linn ("Linn"), a Cedarburg, Wisconsin resident who sold Radcliffe Haughton the firearm used in the shooting, and (iii) Armslist, LLC ("Armslist") and its owners, Brian Mancini, Broc Elmore, and Jonathan Gibbon (collectively, the "Armslist Defendants"), who brokered that sale through armslist.com, a website designed to facilitate prohibited purchases of firearms.[1] Yasmeen Daniel resides in Milwaukee.

Wisconsin state law creates each of the eleven tort causes of action asserted in the Complaint. Liability here begins and ends with Wisconsin state tort law. Nevertheless, the Armslist Defendants removed this personal injury action to this Court on the grounds that the Complaint "states a claim created by federal law." (Notice of Removal, Dkt. 1, ¶ 12)

The Armslist Defendants are mistaken. Plaintiffs' causes of action are creatures of Wisconsin tort law, not federal statute. (*See infra* at 7-8) The Armslist Defendants have chosen

---

[1] The Complaint also names two unknown insurance companies.

1

not to argue that the Complaint presents a "substantial question of federal law" (an alternate potential basis for federal question jurisdiction), but even this argument would be futile under the *Grable* test that federal courts apply to actions involving only state claims. (*See infra* at 8-13) Nor can the Armslist Defendants claim federal question jurisdiction merely because they will assert the federal Communications Decency Act as an affirmative defense. That statute is mentioned nowhere in the Complaint, and, in any event, the law is clear that a prospective defense under federal law does not give rise to federal question jurisdiction. (*See infra* at 14-15) The Court should remand this case to state court.

## FACTS

### 1. The Shooting

On October 20, 2012, Radcliffe Haughton acquired an FNP-40 handgun from Defendant Linn in a cash deal arranged through Defendant Armslist that took place in a McDonald's parking lot. (Summons and Complaint, attached to the Declaration of Nirav S. Shah ("Shah Decl.") as Exh. 1 (the "Complt."), ¶¶ 5, 87-94 ) The sale violated federal and Wisconsin state law because a domestic violence restraining order sought by Zina Daniel Haughton and issued by the Circuit Court for Milwaukee County expressly prohibited Radcliffe Haughton from possessing a firearm. (Complt. ¶¶ 3-4, 29-35) Federal and state laws also prohibit all persons from furnishing a firearm to an individual they know or have reason to believe is not permitted to possess a firearm. 18 U.S.C. § 922(d); Wis. Stat. § 941.29(4).

On October 21, 2012, Radcliffe Haughton walked into Zina Daniel Haughton's workplace, the Azana Spa and Salon in Brookfield, Wisconsin, and, using the gun he purchased from Linn through Armslist, murdered Zina Daniel Haughton and two of her co-workers and wounded four others before killing himself. (Complt. ¶ 7) Yasmeen Daniel was present at the

2

Azana Spa and Salon that day and was traumatized by the bloodshed she witnessed. (Complt. ¶ 8)

### 2. Yasmeen Daniel Files A Complaint Asserting Causes Of Action Under Wisconsin State Law

On October 21, 2015, Plaintiffs commenced this action in the Circuit Court of Milwaukee County, Wisconsin. In the Complaint, Plaintiffs assert eleven state law causes of action: (1) negligence; (2) negligence per se; (3) negligent entrustment; (4) negligent infliction of emotional distress; (5) civil conspiracy; (6) aiding and abetting tortious conduct; (7) public nuisance; (8) wrongful death; (9) piercing the corporate veil; (10) assault; and (11) battery. (*See* Complt. ¶¶ 128-208)

Two of the Complaint's eleven counts specifically cite federal firearms statutes. In Count II, Plaintiffs allege that the Armslist Defendants and Linn are civilly liable for negligence *per se* because Plaintiffs suffered injury when "[t]he Armslist Defendants and Linn violated federal, state, and local statutes, regulations, and ordinances, including without limitation by aiding and abetting the unlawful possession of a firearm pursuant to 18 U.S.C. § 2 and 18 U.S.C. § 922(g), and endangering safety by use of a dangerous weapon pursuant to Wis. Stat. § 941.20(1)." (Complt. ¶ 141)[2]

In Count VI, Plaintiffs allege that the Armslist Defendants are liable for aiding and abetting tortious conduct that injured Plaintiffs in the following ways: (1) "[t]he Armslist Defendants aided, abetted, encouraged, urged, and acquiesced in Linn's negligent entrustment of the Murder Weapon to Radcliffe Haughton"; (2) "Defendants Mancini, Gibbon, and Elmore aided, abetted, encouraged, urged, and acquiesced in Armslist's negligent and reckless operation

---

[2] Under Wisconsin law, "'one who violates a criminal statute must be held negligent *per se* in a civil action for damages based on such violation.'" *Bennett v. Larsen Co.*, 118 Wis.2d 681, 692-93, 348 N.W.2d 540, 548 (Wis. 1984) (quoting *McAleavy v. Lowe*, 259 Wis. 463, 475, 49 N.W.2d 487 (Wis. 1951)).

3

of Armslist.com"; and (3) "[t]he Armslist Defendants aided, abetted, encouraged, urged, and acquiesced in Linn's sale of the Murder Weapon to Radcliffe Haughton in violation of 18 U.S.C. § 922(d)." (*See* Complt. ¶¶ 172-74) Plaintiffs further allege that "[s]uch conduct was in knowing violation of state and federal aiding and abetting statutes, which are applicable to the sale, marketing, and facilitation of the sale of firearms, and the violation was a cause of Zina Daniel Haughton's and Yasmeen Daniel's harm" and that "[s]uch conduct by the Armslist Defendants was known to be negligent and reckless." (Complt. ¶¶ 175 -76)[3]

### 3. The Armslist Defendants Remove Yasmeen Daniel's State Law Claims To Federal Court

On November 20, 2015, the Armslist Defendants removed Yasmeen Daniel's state court action to this Court. In the Notice of Removal, the Armslist Defendants note that a case arises under federal law if "federal law creates the cause of action" or "the plaintiff's right to relief necessarily depends on resolution of a substantial federal question." (Notice of Removal ¶ 12) (quoting *Trustees of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012)). The Armslist Defendants contend that only one of these alternatives applies here: "Plaintiff's Complaint creates the first type of federal question: it states a claim created by federal law." (Notice of Removal ¶ 12) The Armslist Defendants offer, *inter alia*, the following theories to support this argument: (1) "Plaintiff's Complaint alleges that the Defendants' and Non-Moving Defendants' conduct constitutes violations of 18 U.S.C. 2, 18 U.S.C. 922(d), and 18 U.S.C. 922(g)" (Notice of Removal at ¶ 11) (internal citations omitted); (2) "Federal law also plays a central role" in the Wisconsin common law claim for negligence

---

[3] Under Wisconsin law, a defendant can be held civilly liable for aiding and abetting tortious conduct where a defendant "undertakes conduct that as a matter of objective fact aids another in the commission of an unlawful act" and "consciously desires or intends that his conduct will yield such assistance." *See Tensfeldt v. Haberman*, 319 Wis.2d 329, 345, 768 N.W.2d 641, 649 n.12 (Wis. 2009) (citing *Winslow v. Brown*, 125 Wis.2d 327, 336, 371 N.W.2d 417 (Wis. Ct. App. 1985)). As such, violations of state or federal statutes are not necessary to prove liability under this common law claim.

4

*per se* (Notice of Removal at ¶ 15); (3) the Wisconsin common law claim for aiding and abetting tortious conduct "states a cause of action created by federal law" because it alleges that the Armslist Defendants and Linn "should be liable to Plaintiff for violating a federal statute, 18 U.S.C. § 922(d)" (Notice of Removal at ¶ 13); (4) "Federal law is referenced and relied upon throughout the Complaint" (Notice of Removal at ¶ 14); and (5) federal law, specifically the Communications Decency Act, 47 U.S.C. § 230, bars all of Plaintiffs' claims (Notice of Removal at ¶ 17).

## ARGUMENT

### THE COURT SHOULD REMAND THIS CASE BECAUSE IT DOES NOT HAVE SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (internal citation and quotation marks omitted). A defendant may only remove a state action to federal court where the district court has original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal bears the burden to establish that federal jurisdiction is proper, and any doubts must be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *In re Wal-Mart Employee Litig.,* 271 F. Supp. 2d 1080, 1083 (E.D. Wis. 2003).

Because there is no diversity of citizenship among the parties, the Armslist Defendants must demonstrate that this action "arises under" federal law in order to invoke this Court's subject matter jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312-14 (2005); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986). It is well settled that there are two ways that a case can arise under federal law. *Gunn,* 133 S. Ct. at 1064-65. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Id.* at 1064. There is also a "slim category" of cases in which

5

arising under jurisdiction lies "even where a claim finds its origins in state rather than federal law." *Id.* at 1064-65.

As this Court has explained, citing the Supreme Court's decision in *Grable*, where a complaint alleges state law claims only, federal question jurisdiction only exists if "(1) there is a substantial and disputed federal issue, and (2) the exercise of federal jurisdiction will not upset the balance of labor between state and federal courts." *Vincent v. Quality Addiction Mgmt., Inc.*, No. 11-C-205, 2012 WL 404877, at *6 (E.D. Wis. Feb. 7, 2012) (Randa, J.) (citing *Grable*, 545 U.S. at 314).[4]

Only a "special and small category" of state claims can be said to arise under federal law in this manner. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *see also Giles v. Chicago Drum, Inc.*, 631 F. Supp. 2d 981, 985-86 (N.D. Ill. 2009) ("[T]he Seventh Circuit has adopted a narrow interpretation of *Grable*. . . . District courts in the Seventh Circuit have been similarly conservative in their application of *Grable*, particularly where federal law is merely the source of a duty under state law.").

Courts have been clear. There is no "federal question" simply because a plaintiff relies on federal law to establish an element of liability or to shed light on the duty of care for a state law cause of action; such claims do not "arise under" federal law. *Id.*; *Bennett v. Southwest Airlines, Co.,* 484 F.3d 907, 912 (7th Cir. 2007) (holding that "[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law"); *Vincent*, 2012 WL 404877, at *6 (holding that no federal question jurisdiction existed

---

[4]        In *Gunn v. Minton*, the Supreme Court described the *Grable* test as a four-part test, in which federal question jurisdiction over a state law claim will lie only where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 133 S. Ct. at 1065. The two-prong test set forth by this Court in *Vincent* simply collapses into its first prong the first three prongs of the *Grable* test (as described in *Gunn*).

6

because plaintiff's "tort claims arising from the violation of federal regulatory opioid provisions by opioid treatment providers and their clients" were "not sufficient to establish that [the] matter [arose] under federal law"); *See also*, *Finch v. Wis. Auto Title Loans, Inc.*, 586 F.Supp.2d 1070, 1074 (E.D. Wis. 2008) (remanding case and assessing fees and costs where plaintiff did "not assert a separate [Truth in Lending Act] claim but relies on the [Wisconsin Consumer Act's] incorporation of TILA into *state* law" (emphasis in original)).   Similarly, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense," such as the Armslist Defendants' purported affirmative defense under the Communications Decency Act.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Chicago Tribune Co. v. Board of Trustees of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) ("[A] potential federal defense is not enough to create federal jurisdiction under § 1331.").[5]

## I.      NONE OF THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT ARE CREATED BY FEDERAL LAW

The Armslist Defendants' Notice of Removal states that their only basis for removal is that Plaintiffs allegedly have brought claims "created by federal law" (Notice of Removal ¶ 12). This is incorrect on its face.  Each of Plaintiffs' eleven causes of action (Complt. ¶¶ 128-208) is a creature of Wisconsin law. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").  The Notice of Removal cites several passages from the Complaint (*see supra* 4-5), but it cannot overcome a basic and obvious fact:  Wisconsin common law tort claims are not "created by" federal law.  *See e.g.,*

---

[5] Because this Court lacks subject matter jurisdiction under 28 U.S.C § 1331, there is no basis for asserting supplemental jurisdiction under 28 U.S.C. § 1367 over the remainder of Plaintiffs' claims.  *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001) ("The district court is empowered to take supplemental jurisdiction over state claims only if the court first has 'original jurisdiction' of the claim to which the state claims are attached.").  As this Court has observed, "[i]f the Court determines that it has no subject-matter jurisdiction over [plaintiff's] federal claims, it is canonical that the Court *cannot* exercise supplemental jurisdiction over [plaintiff's other] state-law claims." *Stately v. Indian Comm. School of Milwaukee, Inc.*, 351 F. Supp. 2d 858, 865 (E.D. Wis. 2004) (Randa, J.) (emphasis in original).

*Bennett v. Larsen Co.*, 118 Wis.2d 681, 692-93, 348 N.W.2d 540, 548 (Wis. 1984) (explaining Wisconsin standard for negligence *per se*); *Tensfeldt v. Haberman*, 319 Wis.2d 329, 345, 768 N.W.2d 641, 649 n.12 (Wis. 2009) (setting forth Wisconsin standard for aiding and abetting tortious conduct).

In a similar case from this district, *Finch v. Wis. Auto Title Loans, Inc.*, the defendant removed from state court a suit seeking damages for violations of the Wisconsin Consumer Act, a state statute that incorporates the disclosure requirements of the federal Truth in Lending Act ("TILA"). 586 F. Supp. 2d 1070, 1075 (noting that plaintiff "relies on the WCA's incorporation of TILA into *state* law (emphasis in original)). This Court found that, under the circumstances, "no reasonable attorney would suppose that federal law creates plaintiff's first cause of action, since plaintiff clearly relies exclusively on a state-law legal theory." *Id*. at 1077. This case is no different. Because "creation by" federal statute is the Armslist Defendants' only argument for removal, the Court's inquiry can and should end here, with a finding that the removal was improper.

## II. PLAINTIFFS' STATE LAW CAUSES OF ACTION DO NOT CREATE A FEDERAL QUESTION

As noted above, the Armslist Defendants have expressly chosen not to argue that "Plaintiff's right to relief necessarily depends on the resolution of a substantial federal question." (Notice of Removal ¶ 12) Nevertheless, Plaintiffs address this theory below to eliminate any doubt. This action presents no substantial federal question. A robust line of federal cases makes clear that the Complaint does not involve a "substantial and disputed federal issue" and asserting federal jurisdiction here would significantly "upset the balance of labor between state and federal courts." *Vincent*, 2012 WL 404877, at *4 (citing *Grable*, 545 U.S. at 310-15).

8

## A.    The Complaint Does Not Raise a "Substantial and Disputed Federal Issue"

None of Plaintiffs' eleven Wisconsin tort law causes of action raises a substantial and disputed federal issue.

First, "it takes more than a federal element to open the 'arising under' door." *Vincent* at *5 (quoting *Empire Healthchoice*, 547 U.S. at 701).   In *Bennett v. Southwest Airlines Co*., defendants removed an action in which plaintiffs alleged that a commercial airline acted negligently when its passenger plane overran the runway at Midway Airport in violation of federal aviation regulations. 484 F.3d at 908-09.  On interlocutory appeal, the Seventh Circuit reversed the district court and ordered the case remanded to state court, finding that the fact "[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law."  *Id*. at 912; *see also, Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) (holding that complaint alleging a violation of the federal Food, Drug and Cosmetic Act as an element of a state law negligence claim did not arise under federal law).

Similarly, in the *Vincent* case, this Court held that it did not have subject matter jurisdiction over the plaintiff's state law tort claims, even though federal regulations regarding opioids shed light on the appropriate standard of care.  2012 WL 404877, at *6; *see also Lancaster v. Astellas Pharma¸ Inc.*, No. 08-CV-0133-MJR, 2008 WL 4378441, at *4 (S.D. Ill. 2008) ("[T]he mere fact that a state court may have to reference federal regulations in determining the outcome of a claim is not sufficient by itself to create a substantial federal question under *Grable*."); *Fuller v. BNSF Railway Co.*, 472 F. Supp. 2d 1088, 1094 (S.D. Ill. 2007) ("It is clear that, under *Grable*, Plaintiffs' invocation of a lone federal regulation as an

9

element of a state-law tort claim is insufficient to establish a substantial federal question for purposes of subject matter jurisdiction.").

Second, federal courts throughout the country have routinely remanded state law tort actions to state court even where the state law claims are related to federal firearms statutes. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1298 (11th Cir. 2008) (remanding negligence and defamation case where central issue to be adjudicated with respect to defamation claim was whether plaintiffs "broke federal law by participating in a simulated straw purchase"); *Mickalis Pawn Shop, LLC v. Bloomberg*, 482 F. Supp. 2d 707, 712 (D.S.C. 2007) ("Plaintiffs' complaint does state that certain Defendants committed a federal felony by providing false information to the sales representative and on the required United States Department of Justice ATF Firearms Transaction Record. However, Plaintiffs' mention of federal law is not sufficient to support federal subject matter jurisdiction." (internal citation omitted)); *Chiapperini v. Gander Mountain Company*, Case No. 14-cv-06281 at 35-36 (W.D.N.Y. 2014) (remanding negligence and negligence per se action against gun store arising out of shooting of four firefighters, despite the allegation that defendants violated various provisions of 18 U.S.C. § 922) (Shah Decl., Exh. 2); *Jefferson v. Amadeo Rossi, S.A.*, Civ. A. No. 01-CV-2536, 2002 WL 32154285, at **1, 4 (E.D. Pa. 2002) (holding that remand of wrongful death and survival action brought against gun manufacturers, distributors, dealers and unlicensed trafficker was proper even if alleged violations of the federal Gun Control Act were "essential elements of some of Plaintiffs' tort claims"); *cf. City of Gary, Indiana v. Smith & Wesson Corp.*, 94 F. Supp. 2d 947 (N.D. Ind. 2000) (remanding plaintiff municipality's action against firearms manufacturers and retail outlets for negligently marketing and distributing firearms); *City of Camden v. Beretta U.S.A. Corp.*, 81

10

F. Supp. 2d 541 (D.N.J. 2000) (same); *McNamara v. Arms Tech., Inc.*,, 71 F. Supp. 2d 720 (E.D. Mich. 1999) (same).

<u>Third</u>, a court could impose liability for both of the allegedly federal torts identified by the Armslist Defendants without addressing a single federal law. This, on its own, is fatal to the Armslist Defendants' attempt to keep this case in federal court. *See In re Wal-Mart Employee Litig.*, 271 F. Supp. 2d 1080, 1084 (E.D. Wis. 2003) ("'When a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" (citation omitted)); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 153-54 (4th Cir. 1994) (dismissing action for lack of federal subject matter jurisdiction where "[e]ven if [defendant] was found not to have violated any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence" due to violations of state and local environmental laws); *DeLuca v. Tonawanda Coke Corp.*, No. 10-CV-8598, 2011 WL 3799985 (W.D.N.Y. Aug. 26, 2011) (remanding action to state court where negligence *per se* claim "relie[d] on alternative grounds for finding the presumption of negligence – *i.e.,* violations of either state or federal law" on the grounds that "a fact finder could find negligence *per se* without determining whether Defendants violated federal law"); *Blankenship v. Bridgestone Ams.s Holding, Inc.*, 467 F. Supp. 2d 886, 898 (C.D. Ill. 2006) ("If a claim can be supported independently by both state and federal law theories, federal jurisdiction does not exist because federal law is not a necessary element of the claim."). Here, Plaintiffs' negligence *per se* claim can succeed based solely on the Armslist Defendants' and Linn's violation of state or local statutes. Similarly, a jury could find for Plaintiffs with respect to their aiding and abetting tortious conduct claim without addressing federal law if it finds that the

Armslist Defendants intentionally aided Devin Linn in his negligent entrustment of a firearm to Radcliffe Haughton. (*See supra* 3-4, fn. 2, 3)

Fourth, any issue of federal law presented by this action is far from "substantial." In order to qualify as "substantial" under *Grable*, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013). Instead, the Court must look "to the importance of the issue to the federal system as a whole." *Id.* This lawsuit was brought by Yasmeen Daniel, a Milwaukee resident, seeking damages for personal injuries arising out of Radcliffe Haughton's possession of a firearm in violation of a Milwaukee County restraining order, which resulted in a mass shooting in a Brookfield, Wisconsin salon and spa. Her claims are based on Defendants' tortious conduct and breach of their duties under Wisconsin law to her deceased mother and herself. As the Eleventh Circuit Court of Appeals held in *Adventure Outdoors, Inc. v. Bloomberg*, "the federal government has a limited interest in . . . private tort action[s] over private duties tangentially related to the federal gun laws." 552 F.3d 1290, 1301 (11th Cir. 2008) (remanding case involving defamation claim that centered on interpretation of federal Gun Control Act).[6]

## B. Remanding This Action to State Court Preserves the Balance Between the Federal and State Systems

The balance between state and federal courts further supports remanding this action to Wisconsin state court. In *Grable,* the Supreme Court instructed that "garden variety state tort law" claims involving violations of federal statutes and regulations do not belong in federal court and admonished lower courts to be cautious of decisions leading to an "'increased volume of

---

[6] The lack of substantiality of the federal interest here is further evidenced by the fact that states and municipalities share with the federal government responsibility for propounding and enforcing firearms regulations. *See, e.g., Friedman v. City of Highland Park*, 784 F.3d 406, 412 (7th Cir. 2015), cert. denied sub nom., No. 15-133, 2015 WL 4555141 (U.S. Dec. 7, 2015) (upholding municipal prohibition on assault weapons, noting that "[l]ocal crimes are most likely to be committed by local residents, who are less likely to have access to firearms banned by a local ordinance").

federal litigation.'" *Grable*, 545 U.S. 308, 318-19 (2005) (citation omitted).  Wisconsin state courts regularly handle tort cases which reference federal firearms laws.  *See, e.g.*, Transcript of Oral Ruling, *Norberg v. Badger Guns, Inc.*, No. 10-cv-20655 at 12 (Wis. Cir. 2014) (Exh. 3 to Shah Decl.); Transcript of Oral Ruling, *Lopez v. Badger Guns, Inc.*, No. 10-cv-18530 at 10-12 (Wis. Cir. 2014) (Exh. 4 to Shah Decl.).

The Armslist Defendants' theory of federal question liability here threatens the balance between the federal and state systems:  to find subject matter jurisdiction over Plaintiffs' state law tort claims would effectively expropriate *all* state law tort claims alleging violation of federal firearms laws from the state courts.  *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 811 (1986) (refusing to assert federal question jurisdiction over negligence action alleging violation of federal Food, Drug, and Cosmetic Act based on, *inter alia*, potential for increased federal litigation); *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 911 (7th Cir. 2007) (refusing to assert federal question jurisdiction where such a ruling would transfer all air-crash litigation to federal court); *Vincent v. Quality Addiction Mgmt., Inc.*, No. 11-C-205, 2012 WL 404877, at *6 (E.D. Wis. Feb. 7, 2012) (refusing to assert federal question jurisdiction because "[f]inding federal question jurisdiction over this action, 'would move a whole category of suits to federal court' – tort claims arising from the violation of federal regulatory opioid treatment provisions by opioid treatment providers and their clients that otherwise could not be brought in federal court").

As in *Merrell Dow*, *Bennett*, and *Vincent*, the existing balance here clearly favors remand.  State courts regularly handle tort cases involving federal firearms statutes, and federal courts routinely remand such actions to the states.  (*See supra* at 10-11, 13)

## III. THE ARMLIST DEFENDANTS' PROSPECTIVE CDA AFFIRMATIVE DEFENSE DOES NOT CONFER SUBJECT MATTER JURISDICTION TO THIS COURT

The Armslist Defendants' removal notice additionally suggests that the Court has jurisdiction over this case because it involves a federal defense under the Communications Decency Act, 47 U.S.C. § 230 ("CDA"). (Notice of Removal ¶ 17 ("[I]t bears noting that all of Plaintiff's [sic] claims are barred by" the CDA.)) Yet, the Complaint does not mention the CDA; nor do any of Plaintiffs' claims arise under the CDA.

The law is clear that the Armslist Defendants cannot manufacture a federal question using the CDA because "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Chicago Tribune Co. v. Board of Trustees of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) (holding that "a potential federal defense is not enough to create federal jurisdiction under § 1331"). Accordingly, removal to federal court on the basis of a federal defense is improper. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Thus, the Armslist Defendants' reference to the CDA as a possible defense does not confer subject matter jurisdiction upon this Court. Indeed, federal district courts across the country regularly hold that a defendant's anticipated reliance on the CDA as a defense to state law claims does not confer federal question jurisdiction for purposes of removal. *See, e.g.*, *Leviston v. Jackson*, Case No. 15 Civ. 4563(KPF), 2015 WL 3657173, at *3 (S.D.N.Y. June 12, 2015) (remanding to state court where defendant claimed federal question jurisdiction based on the CDA); *Sulla v. Horowitz*, Case No. 12-00449 SOM/KSC, 2012 WL 4758163, at **1-2 (D. Haw. Oct. 4, 2012) (same); *Lackner v. Sanchez*, Case No. Civ.A. B-05-264, 2005 WL 3359356, at *3 (S.D. Tex. Dec. 9, 2005) (same); *Cisneros v. Sanchez*, 403 F. Supp. 2d 588, 593 (S.D. Tex.

14

2005) (same); *cf. In re Baxter*, Case No. 01-00026-M, 2001 WL 34806203, at **2-3 (W.D. La. 2001) (plaintiff's reference to CDA did not confer federal question jurisdiction where statute did not form essential part of plaintiff's claim but only a potential defense).[7]

The two cases cited by the Armslist Defendants in paragraph 17 of the removal notice do not hold otherwise. In both cases, subject matter jurisdiction was based on diversity of citizenship, and the defendants only relied upon the CDA as a defense to support a motion for judgment on the pleadings, *see Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961 (N.D. Ill. 2009), and motion to dismiss. *See Gibson v. Craigslist*, No. 08 Civ. 7735 (RMB), 2009 WL 1704355 (S.D.N.Y. June 15, 2009). Thus, the CDA is not a basis for subject matter jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant their motion to remand in all respects; (2) require the Armslist Defendants to pay Plaintiffs' just costs and actual expenses incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c); and (3) award such other and further relief as the Court deems proper.

---

[7] Although a defense based on a federal statute may confer federal question jurisdiction in the extremely rare circumstance when the statute completely preempts an entire area of state law, courts that have considered the argument have universally concluded that the CDA does not effect such a preemption. *See, e.g.,* 47 U.S.C. § 230(e)(3) ("Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section."); *Leviston*, 2015 WL 3657173, at *3; *Lackner*, 2005 WL 3359356, at *3; *Cisneros*, 403 F. Supp. 2d at 592-93. Moreover, it goes without saying that the CDA has no application to the non-Armslist Defendants, Devin Linn and the Estate of Radcliffe Haughton.

15

Dated:      New York, New York
            December 18, 2015

MANATT, PHELPS & PHILLIPS, LLP

By:  _/s/ Jacqueline C. Wolff_
Jacqueline C. Wolff
jwolff@manatt.com
Arunabha Bhoumik
abhoumik@manatt.com
Nirav S. Shah
nshah@manatt.com
Samantha J. Katze
skatze@manatt.com
7 Times Square
New York, New York 10036
Tel: (212) 790-4500
Fax: (212) 790-4545

Patrick O. Dunphy
pdunphy@c-dlaw.com
Brett A. Eckstein
beckstein@c-dlaw.com
CANNON & DUNPHY, S.C.
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Tel: (262) 796-3701
Fax: (262) 796-3711

Jonathan E. Lowy*
jlowy@bradymail.org
Alla Lefkowitz*
alefkowitz@bradymail.org
BRADY CENTER TO PREVENT
GUN VIOLENCE LEGAL ACTION PROJECT
840 First Street, NE, Suite 400
Washington, DC 20002
Tel: (202) 870-8104
Fax: (202) 370-8102

**ATTORNEYS FOR PLAINTIFFS YASMEEN
DANIEL, Individually, and As Special Administrator of
the ESTATE OF ZINA DANIEL HAUGHTON**

*       Admission pending

16