UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

YASMEEN DANIEL, Individually, and
As Special Administrator of the ESTATE
OF ZINA DANIEL HAUGHTON,

                    **Plaintiffs,**

    **v.**

                                                  Case No.: 15-CV-1387-RTR

                                        **ORAL ARGUMENT REQUESTED**

ARMSLIST, LLC,
BRIAN MANCINI,
BROC ELMORE,
JONATHAN GIBBON,
DEVIN LINN,
ABC INS. CO.,
DEF INS. CO.,
ESTATE OF RADCLIFFE HAUGHTON,

                    **Defendants.**

---

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

---

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

ARGUMENT ............................................................................................. 2

I.    COUNT VI OF THE COMPLAINT IS NOT "CREATED BY" FEDERAL LAW ........ 2

II.   THE COMPLAINT DOES NOT RAISE A SUBSTANTIAL AND  DISPUTED FEDERAL QUESTION .................................................................. 4

    A.    Nothing in Counts II and VI "Necessarily Raises" An Issue Of Federal Law .................................................................................. 5

           1.    Plaintiffs Can Establish Liability For Count II (Negligence *Per Se*) Without Proving A Violation Of Federal Law ......................... 6

           2.    Plaintiffs' Claim Of Aiding And Abetting Tortious Conduct in Count VI Does Not Encompass More Than One Claim ........................... 7

    B.    The Armslist Defendants' Purported Circuit Split Is A Red Herring ................... 9

    C.    The Complaint's Allegations Concerning Violations Of Federal Law Are Not "Substantial" ................................................................... 10

    D.    Remand Preserves the Well-Established Federal and State Balance ................... 14

CONCLUSION .................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## CASES

Adventure Outdoors, Inc. v. Bloomberg,
552 F.3d 1290 (11th Cir. 2008) ...................................................11, 14

Alcante v. HRB Tax Group, Inc.,
No. 11-cv-125, 2011 WL 2729191 (N.D. Ind. 2011) ..............................2

Ayres v. Gen. Motors Corp.,
234 F.3d 514 (11th Cir. 2000) ...........................................................12

Bannerman v. Mountain State Pawn, Inc.,
No. 10-cv-46, 2010 WL 9103469 (N.D.W.V. Nov. 5, 2010) ......................3

Bennett v. Larsen Co.,
118 Wis. 2d 681, 348 N.W.2d 540 (Wis. 1984) ...................................7

Bennett v. Southwest Airlines Co.,
484 F.3d 907 (7th Cir. 2007) ............................................................10

Blankenship v. Bridgestone Ams. Holding, Inc.,
467 F. Supp. 2d 886 (C.D.Ill. 2006) ...................................................5

Broder v. Cablevision Systems,
418 F.3d 187 (2d Cir. 2005)................................................................8

Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,
511 U.S. 164 (1994)...........................................................................3

Chiapperini v. Gander Mountain Company,
Case No. 14-cv-06281 (W.D.N.Y. 2014) ............................................14

Chicago & N. W. Transp. Co. v. Atchison, Topeka, and Santa Fe. Ry. Co.,
609 F.2d 1221 (7th Cir. 1979) ...........................................................12

Christopher v. Cavallo,
662 F.2d 1082 (4th Cir. 1981) ...........................................................12

City of Camden v. Beretta U.S.A. Corp.,
81 F. Supp. 2d 541 (D.N.J. 2000) ......................................................14

City of Gary, Indiana v. Smith & Wesson Corp.,
94 F. Supp. 2d 947 (N.D. Ind. 2000) .................................................14

Cristafulli v. Ameritas Life Ins. Co.,
No. 13-cv-05937, 2014 WL 2611839 (D.N.J. 2014)................................3

Dixon v. Coburg Dairy, Inc.,
369 F.3d 811 (4th Cir. 2004) .............................................................11

Empire Healthchoice Assurance, Inc. v. McVeigh,
547 U.S. 677 (2006)......................................................................4, 13

Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.,
776 F.3d 463 (7th Cir. 2015) .............................................................12

Case 2:15-cv-01387-RTR   Filed 02/05/16   Page 3 of 22   Document 34

# TABLE OF AUTHORITIES
## (Continued)

*Finch v. Wisconsin Auto Tile Loans, Inc.*,
  586 F. Supp. 2d 1070 (E.D. Wis. 2008).........................................................3, 4, 7

*Franchise Tax. Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,
  463 U.S. 1 (1983)...........................................................................................11, 12

*Gaming Corp. of Am. v. Dorsey & Whitney*,
  88 F.3d 536 (8th Cir. 1996) ..................................................................................12

*Giles v. Chicago Drum, Inc.*,
  631 F. Supp. 2d 981 (N.D. Ill. 2009) ....................................................................12

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005)................................................................................... passim

*Gunn v. Minton*,
  133 S. Ct. (2013)......................................................................................................5

*Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*,
  955 F.Supp. 248 (S.D.N.Y. 1997) ...........................................................................3

*Hess v. Bank of Am. Home Loans Servicing*,
  No. 1:12-CV-0088-JMS-DML, 2012 WL 1906378 (S.D. In. May 24, 2012)...........2

*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*,
  535 U.S. 826 (2002)................................................................................................15

*In re Wal-Mart Employee Litigation*,
  271 F. Supp. 2d 1080 (E.D. Wis. 2003)...................................................................4

*Jefferson v. Amadeo Rossi, S.A.*,
  Civ. A. No. 01-CV-2536, 2002 WL 32154285 (E.D. Pa. 2002) ...........................14

*Lopez v. Badger Guns, Inc.*,
  No. 10-cv-18530 at 10-12 (Wis. Cir. 2014)...........................................................14

*McNamara v. Arms Tech., Inc.*,
  71 F. Supp. 2d 720 (E.D. Mich. 1999)...................................................................14

*Merrell Dow Pharms. Inc. v. Thompson*,
  478 U.S. 804 (1986)................................................................................................10

*Mickalis Pawn Shop, LLC v. Bloomberg*,
  482 F. Supp. 2d 707 (D.S.C. 2007)........................................................................14

*Mikulski v. Centerior Energy Corp.*,
  501 F.3d 555 (6th Cir. 2007) ..................................................................................11

*Milan Express Co. v. W. Surety Co.*,
  886 F.2d 783 (6th Cir. 1989) ..................................................................................12

*Miller v. Chevy Chase Bank, F.S.B.*,
  No. 97 C 4494, 1998 WL 142394 (N.D. Ill. 1998).................................................9

# TABLE OF AUTHORITIES
## (Continued)

Page

*NASDAQ OMX Group, Inc. v. UBS Securities, LLC*,
   770 F.3d 1010 (2d Cir. 2014)....................................................................13

*Norberg v. Badger Guns, Inc.*,
   No. 10-cv-20655 (Wis. Cir. 2014) ..........................................................14

*Ormet Corp. v. Ohio Power Co.*,
   98 F.3d 799 (4th Cir. 1996) ......................................................................12

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100, 61 S.Ct. 868 (1941)...........................................................15

*Smith v. Kan. City Tile & Trust Co.*,
   255 U.S. 180 (1921) ..................................................................................12

*State v. Bodoh*,
   226 Wis.2d 718 (1999) ...............................................................................7

*Tessar v. Anderson*,
   329 Wis. 2d 240, 789 N.W.2d 351 (Wis. App. 2010) .............................15

*U.S. v. Samuels*,
   521 F.3d 804 (7th Cir. 2008) ....................................................................10

*Vesely v. Armslist, LLC*,
   No. 13-cv-00607 (N.D. Ill. Jul. 29, 2013)...............................................15

*Vincent v. Quality Addiction Mgmt., Inc.*,
   No. 11-cv-205, 2012 WL 404877 (E.D. Wis. Feb. 7, 2012).........5, 9, 11

*West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*,
   815 F.2d 188 (2d Cir. 1987) ......................................................................12

## STATUTES

18 U.S.C. § 2...................................................................................... passim

18 U.S.C. § 922.............................................................................1, 3, 9, 10

18 U.S.C. § 922(d) ............................................................................ passim

18 U.S.C. § 922(g) .................................................................................6, 9

18 U.S.C. § 922(g)(1) ...............................................................................9

18 U.S.C. § 922(g)(8) .........................................................................9, 10

28 U.S.C. § 1331.......................................................................................3

28 U.S.C. § 1447(c) ................................................................................15

47 U.S.C. § 230........................................................................................10

Cal. Penal Code § 27545..........................................................................14

Cal. Penal Code § 27850..........................................................................14

# TABLE OF AUTHORITIES
## (Continued)

**Page**

Colo. Rev. Stat. § 18-12-112 ...........................................................................................14

Conn. Gen. Stat. § 29-33(c) ..............................................................................................14

Conn. Gen. Stat. § 29-37a .................................................................................................14

D.C. Code Ann. § 7-2505.02 ............................................................................................14

Del. Code Title 11, § 1448B .............................................................................................14

Md. Code Ann., Pub. Safety § 5-117 ...............................................................................14

Md. Code Ann., Pub. Safety § 5-118 ...............................................................................14

Md. Code Ann., Pub. Safety § 5-121 ...............................................................................14

Md. Code Ann., Pub. Safety § 5-124 ...............................................................................14

N.Y. Gen. Bus. Law § 898 ...............................................................................................14

Or. Rev. Stat. § 166.438 ...................................................................................................14

18 Pa. Cons. Stat. § 6111 .................................................................................................14

R.I. Gen. Laws §§ 11-47-35 to 11-47.35.2 ......................................................................14

Wash. Rev. Code § 9.41.113 ............................................................................................14

Wis. Stat. § 939.05(2)(b) ....................................................................................................7

Wis. Stat. § 941.20(1) ....................................................................................................6, 7

Wis. Stat. § 941.29 ..............................................................................................................7

Case 2:15-cv-01387-RTR   Filed 02/05/16   Page 6 of 22   Document 34

<u>**PRELIMINARY STATEMENT**</u>

Yasmeen Daniel, individually and as special administrator of her mother's estate, brought this personal injury action in the state court of Milwaukee County seeking damages under exclusively state law theories of recovery. There is no diversity among the parties. Yet the Armslist Defendants seek to keep this matter in federal court.[1]

Ignoring the dispositive case law cited in Plaintiffs' moving papers, the Armslist Defendants oppose remand based on two of Plaintiffs' eleven causes of action: Count VI (aiding and abetting tortious conduct) and Count II (negligence *per se*). Neither of these causes of action supports federal subject matter jurisdiction.

The Armslist Defendants argue that "Count VI attempts to hold Defendants civilly liable for violating 18 U.S.C. § 2, a federal statute" and hence federal law creates the cause of action asserted. (Armslist Defendants' Mem. Of Law in Opposition to Remand ("Opp.") at 6) But Count VI does not allege a claim for aiding and abetting under federal law; nor could it, since there is no private federal aiding and abetting right of action. Count VI asserts a state common law claim for aiding and abetting tortious conduct, a claim created under Wisconsin law. The fact that Plaintiffs reference a federal statute to describe one of the tortious acts the Armslist Defendants aided and abetted does not turn the claim into one "created by" federal law.

The Armslist Defendants next argue that even if Plaintiffs' claims are not "created by" federal law, they nevertheless "arise under" federal law because (1) Counts VI and II assert distinct federal claims, as opposed to federal theories of liability under state law; (2) there is an alleged circuit split with respect to the interpretation of two of the statutes cited by Plaintiffs (18 U.S.C. §§ 2 and 922); and (3) the federal government has a "substantial" interest in adjudicating

---

[1] Capitalized terms not otherwise defined herein are defined as set forth in the Memorandum of Law in Support of Plaintiffs' Motion to Remand, dated December 18, 2015 ("Br.").

this personal injury case because it involves "the interpretation and applicability of federal gun laws to online service providers such as Armslist." (Opp. at 2-3)

Each of these arguments fails. *First*, Plaintiffs can succeed on both Counts VI and II without the Court addressing a single federal statute, a fact that precludes any finding of federal question jurisdiction. *Second*, the purported federal issues raised by the Armslist Defendants are not actually disputed and, even if they were, the existence of a circuit split is not a basis for finding federal jurisdiction. *Third*, precedent makes clear that, because the federal government does not have a substantial interest in how state courts apply federal firearms statutes to their common law tort claims, the federal-state balance requires claims like Plaintiffs' to be heard in state court.

## ARGUMENT

## I. COUNT VI OF THE COMPLAINT IS NOT "CREATED BY" FEDERAL LAW

The sole basis for removal that the Armslist Defendants advance in their removal notice is that Plaintiffs have brought claims "created" by federal law. That basis is "incorrect on its face" because each of the eleven claims asserted in the Complaint "is a creature of Wisconsin law." (Br. at 7) The Armslist Defendants nevertheless argue in opposition that Plaintiffs' aiding and abetting tortious conduct claim (Count VI) is created by federal law (Opp. at 4-6) because "Plaintiff alleges that Defendants violated 18 U.S.C. § 2, the ***federal*** aiding and abetting statute" and "[t]he allegation that Defendants violated § 2 is included in Count VI, plaintiff's aiding and abetting claim." (Opp. at 4) (emphasis in original) The Armslist Defendants are wrong.

*First*, 18 U.S.C. § 2 does not create the cause of action asserted in Count VI, not least of all because that statute does not create a private right of action. *See, e.g., Alcante v. HRB Tax Group, Inc.*, No. 11-cv-125, 2011 WL 2729191 (N.D. Ind. 2011) ("[f]ederal question jurisdiction [did] not appear to exist" where plaintiffs alleged that defendants violated 18 U.S.C. § 2 and, as

2

"plaintiffs point[ed] out" this is a "criminal statute[] that do[es] not create private rights of action"); *Cristafulli v. Ameritas Life Ins. Co.*, No. 13-cv-05937, 2014 WL 2611839 (D.N.J. 2014) ("Plaintiff ha[d] not properly invoked federal question jurisdiction under 28 U.S.C. § 1331 when he pled a cause of action against the defendants for violations of law under . . . 18 U.S.C. § 2" because "[t]his criminal statute also does not appear to allow for a private civil cause of action").[2]

*Second*, even if it did, Plaintiffs are not attempting to hold the Armslist Defendants civilly liable for a violation of 18 U.S.C. § 2. Plaintiffs' Count VI, entitled "Aiding and Abetting Tortious Conduct," is a cause of action that the Armslist Defendants concede arises under Wisconsin law. (Opp. at 5) In that Count, Plaintiffs allege that (a) the Armslist Defendants aided and abetted Linn's entrustment of a murder weapon to Radcliffe Haughton, an act that was both negligent under the Wisconsin common law and a violation of federal law, 18 U.S.C. § 922(d), and (b) Mancini, Gibbon and Elmore aided and abetted Armslist's negligent and reckless operation of Armslist.com. (Compl. ¶ 172-74) Plaintiffs explicitly refer to the commission of that Wisconsin common law tort as the cause of Plaintiffs' injuries. (Compl. ¶¶ 177, 178) Thus, in Count VI, aiding and abetting liability is based exclusively on Wisconsin's common law recognition of an aiding and abetting tort.[3]

*Third*, the fact that the tortious conduct alleged references violations of federal criminal

---

[2]      There is no federal private right of action under 18 U.S.C. § 922(d) either. *See, e.g., Bannerman v. Mountain State Pawn, Inc.,* No. 10-cv-46, 2010 WL 9103469 at *7 (N.D.W.V. Nov. 5, 2010) ("the language, legislative history, and purpose of § 922 do not create a substantive federal right of the plaintiffs to recover damages"); *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F.Supp. 248, 256 (S.D.N.Y. 1997) (no implied private right of action exists under federal aiding and abetting statute "absent an express statutory creation" in the underlying federal statute) (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)).

[3]      "A court addressing whether a complaint arises under federal law . . . must accept the set of facts pleaded in the complaint along with the 'legal characterization of those facts." *Finch v. Wisconsin Auto Tile Loans, Inc.*, 586 F. Supp. 2d 1070, 1075 (E.D. Wis. 2008). The Complaint unambiguously "legally characterizes" Count VI as a state law cause of action.

3

statutes does not mean that Plaintiffs' right to recover under Count VI is "created by" federal law. *Finch v. Wisconsin Auto Tile Loans, Inc.*, 586 F. Supp. 2d 1070, 1075 (E.D. Wis. 2008) (holding that plaintiff did not allege a claim created by federal law where plaintiff did not assert a separate federal claim but instead relied on the incorporation of federal law into state law).

The Armslist Defendants nevertheless claim that Plaintiffs must be alleging aiding and abetting tortious conduct under 18 U.S.C. § 2 because the Complaint does not properly plead the element of intent for the Wisconsin state law claim of aiding and abetting tortious conduct. (Opp. at 5)  Leaving aside the fact that, as set forth above, there is no private civil right of action under 18 U.S.C. § 2, whether Plaintiffs properly plead a cause of action for aiding and abetting tortious conduct is irrelevant to the issue of which court should hear this case.[4]

The Complaint is, therefore, not "created by" federal law – the only basis the Armslist Defendants cite in their notice to justify removal.

## II. THE COMPLAINT DOES NOT RAISE A SUBSTANTIAL AND DISPUTED FEDERAL QUESTION

Even though not invoked in their removal notice, the Armslist Defendants also argue that the Complaint "arises" under federal law, even though no federal statute creates the cause of action.  As the parties seeking removal, the Armslist Defendants bear the burden of demonstrating that this case fits into the "special and small category" of claims not created by federal law, but nevertheless "arising under" it.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).  The removal statute is "strictly construed against removal" and all doubt is resolved in favor of remand.  *In re Wal-Mart Employee Litigation*, 271 F. Supp. 2d 1080, 1083 (E.D. Wis. 2003) (citation omitted).

---

[4]    And, even if this issue were relevant, the Armslist Defendants are wrong.  There are ample facts alleged in the Complaint to show the Armslist Defendants' intent under Wisconsin common law.  (*See, e.g.*, Compl. ¶ 49, ¶ 50, ¶ 54(b); ¶ 55, ¶ 132, ¶ 167, ¶ 172, ¶ 173)

The Armslist Defendants' burden here is particularly heavy:  as set forth in Plaintiffs' moving papers, federal courts routinely remand tort claims, including tort claims alleging violations of federal firearms laws.  (*See* Br. at 9-12)  To satisfy their burden, the Armslist Defendants must demonstrate, against the weight of authority, that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[5]  *Gunn v. Minton*, 133 S. Ct., 1065 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)).  If a defendant fails to prove even one of these prongs, the court must remand the case.  *Id.*  The Armslist Defendants fail to prove any.

The Armslist Defendants barely acknowledge the fourth prong.  This is unsurprising given that the existing federal-state balance dictates that state law tort claims alleging violations of federal firearms law belong in state court.  (*See infra* 14-15)  The Court should grant Plaintiffs' motion to remand on this basis alone.

As to the other three prongs, the Armslist Defendants argue that this case arises under federal law because (1) federal statutes are "elements" of Counts VI (aiding and abetting tortious conduct) and II (negligence *per se*); (2) there is a circuit split interpreting these statutes; and (3) the issues are "substantial" in that they "will shape federal law going forward."  (Opp. at 8)  All of the Armslist Defendants' arguments fail.

A.     Nothing in Counts II and VI "Necessarily Raises" An Issue Of Federal Law

A federal issue is not "necessarily raised" for purposes of *Grable* if the court need not address it to grant the plaintiff's requested relief.  *Blankenship v. Bridgestone Ams. Holding, Inc.*,

---

[5]     As noted in Plaintiffs' opening brief, this Court has collapsed the first three prongs of the *Grable* test (as described in *Gunn*) into one prong. *Vincent v. Quality Addiction Mgmt., Inc.*, No. 11-cv-205, 2012 WL 404877, at *4 (E.D. Wis. Feb. 7, 2012) (holding that where a complaint alleges state law claims only, federal question jurisdiction only exists if "(1) there is a substantial and disputed federal issue, and (2) the existence of federal jurisdiction will not upset the balance of labor between state and federal courts.").

5

467 F. Supp. 2d 886, 898 (C.D.Ill. 2006) ("If a claim can be supported independently by both state and federal law theories, federal jurisdiction does not exist because federal law is not a necessary element of the claim."). Here, Plaintiffs can prevail on each of their claims without the court or jury addressing a single federal law. This fact, on its own, requires that this case be remanded.

            1.       Plaintiffs Can Establish Liability For Count II (Negligence *Per Se*)
                  Without Proving A Violation Of Federal Law

The Armslist Defendants first attempt to rewrite Count II of the Complaint (Negligence *Per Se*) by claiming that any relief under this count "necessarily" requires proof of a violation of 18 U.S.C. § 2:

> This negligence per se claim seeks to hold Defendants liable for violation of 18 U.S.C. § 2 – and through that lens vicariously liable for Radcliffe Haughton's alleged violations of 18 U.S.C. § 922(g) and Wis. Stat. § 941.20(1). It does not matter that <u>*Haughton*</u> is alleged to have violated both federal and state statutes. To hold <u>*Defendants*</u> – the target of the claim – liable, Plaintiff must prove they violated 18 U.S.C. § 2.

Defendants are wrong. They are liable under Count II based on their independent violation of Wis. Stat. § 941.20(1), not "through th[e] lens" of 18 U.S.C. § 2. The Complaint states that "[t]he Armslist Defendants and Linn violated federal, state, and local statutes, regulations, and ordinances, including without limitation by [(1)] aiding and abetting the unlawful possession of a firearm pursuant to 18 U.S.C. § 2 and 18 U.S.C. § 922(g), and [(2)] endangering safety by use of a dangerous weapon pursuant to Wis. Stat. § 941.20(1)." (Compl. ¶ 141) On its face, the pleading does not, and cannot, tie § 2 to Wis. Stat. § 941.20(1), since 18 U.S.C. § 2, by its terms, applies only to federal crimes, not state crimes.[6]

---

[6]      Plaintiffs' negligence *per se* claim also includes by reference other Wisconsin state law violations (*See, e.g.*, ¶ 141 ("The Armslist Defendants and Linn violated federal, state, and local statutes, regulations and ordinances, *including without limitation . . .*") (emphasis added), ¶ 35 (describing Radcliffe Haughton's purchase of a firearm as

The Armslist Defendants next try to argue that the Armslist Defendants as "website owners and operators [who] did not possess a firearm," cannot be held liable under Wis. Stat. § 941.20(1). This is a question for the state court to decide. It has nothing to do with whether remand is appropriate because "a court addressing whether a complaint arises under federal law must accept any theory that the plaintiff has pleaded." *Finch*, 586 F. Supp. 2d at 1074. Even if it did, the argument is meritless, because the language and scope of Wis. Stat. § 941.20(1) covers the Armslist Defendants.[7]

> ### 2. Plaintiffs' Claim Of Aiding And Abetting Tortious Conduct in Count VI Does Not Encompass More Than One Claim

The Armslist Defendants next argue that a single cause of action asserted by Plaintiffs – Count VI, aiding and abetting tortious conduct – is really multiple claims, one of which "necessarily raises" a federal question. Specifically, they assert that Plaintiffs' allegations that the Armslist Defendants aided and abetted the tortious act of "(1) Linn's 'negligent entrustment' of a weapon to Haughton and (2) Linn's violation of 18 U.S.C. § 922(d)" are "'logically separable'" because "[t]hey have different elements" and "Plaintiff cannot recover the relief he [sic] seeks – holding Defendants liable for Linn's acts – without proving Linn violated the federal statute." (Opp. at 19-20)

---

a violation of Wis. Stat. § 941.29; Wis. Stat. § 939.05(2)(b) ("A person is concerned in the commission of a crime if the person . . . intentionally aids and abets the commission of it").

[7]     Wis. Stat. § 941.20(1) provides that "[w]hoever does any of the following is guilty of a Class A misdemeanor: (a) Endangers another's safety by the negligent operation or handling of a dangerous weapon." The Wisconsin Supreme Court has expressly held that "[a] person need not be physically present to 'handle' a [dangerous weapon] as that term is used in the statute." *State v. Bodoh*, 226 Wis.2d 718, 730 (1999) (applying Wis. Stat. § 940.24). The Wisconsin Supreme Court has interpreted "handling" to include "deal[ing] with or hav[ing] responsibility for; conduct." *Id.* In any case, even if Plaintiffs' negligence *per se* claim "necessarily raised" a federal issue, which it does not, Defendants have not demonstrated that this federal issue is either substantial or disputed or that the existence of federal jurisdiction in this case would not upset the balance between federal and state courts. Moreover, the Armslist Defendants' argument § 941.20(1) cannot be the basis of a negligence *per se* claim (Opp. at 7 n. 5) is erroneous because it does not rely on cases involving criminal statutes. *Bennett v. Larsen Co.*, 118 Wis. 2d 681, 692-93, 348 N.W.2d 540, 548 (Wis. 1984) ("This court has adopted the rule that 'one who violates a criminal statute must be held negligent *per se* in a civil action for damages based on such violation.'") (citations omitted).

7

In support, the Armslist Defendants cite a Second Circuit case, *Broder v. Cablevision Systems,* 418 F.3d 187, 194 (2d Cir. 2005), but *Broder* does not help them. In *Broder*, the plaintiff sought a declaratory judgment that the defendant (i) breached one provision of a contract by violating federal law and (ii) breached another provision by violating state law. *Id*. at 194. The Second Circuit found that the plaintiff's breach of contract claim was really two distinct claims – one state and one federal – because the court could not award a declaratory judgment stating that the defendant violated federal law without deciding the federal issue. *Id*. The Second Circuit contrasted this scenario with cases in which a single cause of action alleges multiple "theories," some under federal law and some under state law, but does not "necessarily raise" a federal question. As admitted by the Armslist Defendants, the court wrote that "one of the key characteristics of a mere 'theory', as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it." *Id*.

The standard set forth in *Broder* actually requires remand of this case to the state court because Count VI raises a single claim, albeit with reference to both state and federal theories. Plaintiffs' two theories – aiding and abetting of Linn's negligent entrustment and aiding and abetting Linn's violation of 18 U.S.C. § 922(d) – are based on identical conduct: "acting in concert to broker the transaction between a dangerous, prohibited purchaser, Radcliffe Haughton, and Linn, shifting the responsibility of vetting purchasers to Linn, whom the Armslist Defendants knew or should have known would be unqualified to perform such vetting, and otherwise acting recklessly and negligently." (Complt. ¶¶ 172, 174) And each seeks the same relief: compensatory and punitive damages. To prevail on Count VI, Plaintiffs would only have to prevail on one of these theories. Count VI therefore does not "necessarily raise" any federal issue.

8

## B.    The Armslist Defendants' Purported Circuit Split Is A Red Herring

Struggling to locate a federal question in a personal injury complaint alleging state law tort claims, the Armslist Defendants next argue that in order to decide whether the Armslist Defendants violated Counts VI and II of the Complaint, the Court will have to decide a legal question that is the subject of a circuit split; that is, does a person have to have knowledge of a principal's prohibited status in order to be found to be an aider and abettor of the principal's violation of 18 U.S.C. § 922 when, on its face, the statute does not have a knowledge component for the principal. (Opp. at 8-10)  *First*, as discussed above, the fact that Plaintiffs can prevail without the Court addressing 18 U.S.C. § 922.  *Second*, the mere existence of a circuit split does not create federal question jurisdiction. *Miller v. Chevy Chase Bank, F.S.B.*, No. 97 C 4494, 1998 WL 142394, at *1 (N.D. Ill. 1998).  *Third*, even if there were a split, the Armslist Defendants failed to show that this issue is "actually disputed." *Vincent*, 2012 WL 404877, at *6 ("Vincent has not identified any provision of the regulation that is 'actually disputed.'  Without a clearly identified federal opioid standard subject to a live dispute in this case, jurisdiction under *Grable* is inappropriate." (internal citations omitted)).

The subject of the circuit split – 18 U.S.C. § 922(g)(1) – is not at issue here.  Notably, the Armslist Defendants chose to refer generally to 18 U.S.C. § 922 as the subject of the split rather than identify the particular subsection at issue in the split, 18 U.S.C. § 922(g)(1), the "felon-in-possession" statute.  In fact, Count VI refers to 18 U.S.C. § 922(d), prohibiting sales to prohibited persons, and Count II refers to the provision of 18 U.S.C. § 922(g) which prohibits persons subject to a domestic violence restraining order from possessing a firearm, 18 U.S.C. § 922(g)(8).  (Compl. ¶¶ 174, 141)  There is no circuit split regarding either subsection because 18 U.S.C. § 922(d) expressly requires that the principal have knowledge of the buyer's status and 18 U.S.C. § 922(g)(8) expressly requires the principal to have "actual notice" regarding his

9

status. [8]  Because these subsections expressly require the principal's knowledge, the circuit split cited by the Armslist Defendants is irrelevant here.[9]

### C.   The Complaint's Allegations Concerning Violations Of Federal Law Are Not "Substantial"_____

Ignoring well-settled law that "garden variety state tort law" claims do not belong in federal court, regardless of whether such claims include violations of federal statutes and regulations, *Grable*, 545 U.S. at 318-19, the Armslist Defendants wrongly contend that this case presents a substantial federal question because Plaintiffs' success rests upon the application of and "interplay" between 18 U.S.C. § 2, 18 U.S.C. § 922 and 47 U.S.C. § 230.[10] (Opp. at 13)

Citation to a federal statute as an element of liability or to shed light on the duty of care with respect to a state law tort claim is insufficient to create a "substantial" federal question.  As set forth in Plaintiffs' opening brief, the Supreme Court has refused to assert federal question jurisdiction over a negligence action alleging violation of the federal Food, Drug, and Cosmetic Act, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986), the Seventh Circuit has refused to assert federal question jurisdiction over negligence claims alleging violations of federal aviation regulations, *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007), and this Court has held that federal question jurisdiction does not exist where common law tort claims and state statutory wrongful death claims refer to federal opioid treatment regulations.

---

[8]      In fact,18 U.S.C. § 922(g)(8) was enacted in 1994 as part of the Violence Against Women Act – not as part of the Gun Control Act in 1968 – and therefore did not even exist at the time the Seventh and Ninth Circuits decided the two cases the Armslist Defendants cite as evidence of a circuit split.

[9]      The Armslist Defendants assert that "the Seventh Circuit should . . . revisit its interpretation of § 922's scienter requirement." (Opp. at 9)  The Seventh Circuit has already done so. *U.S. v. Samuels*, 521 F.3d 804, 812 (7th Cir. 2008).

[10]      Despite relying upon the CDA in their removal notice, the Armslist Defendants, now admit that "a defense under federal law does not create federal question jurisdiction." (Opp. at 12)  Attempting to save face, the Armslist Defendants now argue that the CDA should be considered as "further evidence of the important federal issues raised in Plaintiff's lawsuit." (Opp. at 12-13)  That is, however, not the standard for removal.

10

*Vincent v. Quality Addiction Mgmt., Inc.*, No. 11-cv-205, 2012 WL 404877, at *6 (E.D. Wis. Feb. 7, 2012) (Randa, J.).

The only federal appellate court that has addressed the question of "substantiality" as it relates to state causes of action related to federal firearms laws explicitly rejected the Armslist Defendants' argument. In *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290 (11th Cir. 2008), the Eleventh Circuit held that the federal government has little interest in how state courts interpret federal firearms statutes for purposes of state common law:

> The federal government unquestionably has a strong interest in the uniformity and consistency of federal criminal law. . . ***However, state court application of federal criminal law in the civil context does not pose a serious threat to this federal interest.*** If the state court were to exercise jurisdiction here, the federal courts still "would retain full authority and responsibility for the interpretation and application of federal criminal law, for they would not be bound by [the] state court interpretation [ ]" of the federal gun statutes.

*Adventure Outdoors*, 552 F.3d at 1300 (reversing district court's denial of remand) (citations omitted) (emphasis added). The Eleventh Circuit's reasoning explains why district courts consistently remand tort actions concerning violations of federal firearms law. (*See infra* 14 n. 17). Rather than confront this overwhelming case law, the Armslist Defendants attempt to cobble together an argument by citing either irrelevant decisions or decisions finding that no federal question jurisdiction exists.[11] (*See* Opp. at 15-16 n. 13)

For example, while the Armslist Defendants state that "since *Grable* federal courts have found federal jurisdiction in state law claims that rely on duties imposed under federal law," (Opp. at 16), the bulk of the cases that the Armslist Defendants rely upon were decided long before the Supreme Court issued its *Grable* decision in 2005. (*Id.* (citing *Franchise Tax. Bd. of*

---

[11]    Cases cited by Armslist Defendants that held that federal question jurisdiction did not exist include *Franchise Tax. Bd.,* 463 U.S. 1; *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007); and *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811 (4th Cir. 2004).

the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal._, 463 U.S. 1 (1983); _Smith v. Kan. City Tile & Trust Co._, 255 U.S. 180 (1921); _Ormet Corp. v. Ohio Power Co._, 98 F.3d 799 (4th Cir. 1996); _Ayres v. Gen. Motors Corp._, 234 F.3d 514 (11th Cir. 2000); _Milan Express Co. v. W. Surety Co._, 886 F.2d 783 (6th Cir. 1989); _West 14th St. Commercial Corp. v. 5 West 14th Owners Corp._, 815 F.2d 188 (2d Cir. 1987); _Christopher v. Cavallo_, 662 F.2d 1082 (4th Cir. 1981); _Chicago & N. W. Transp. Co. v. Atchison, Topeka, and Santa Fe. Ry. Co._, 609 F.2d 1221 (7th Cir. 1979); _see also_ Opp. at 14-15 (citing _Gaming Corp. of Am. v. Dorsey & Whitney_, 88 F.3d 536 (8th Cir. 1996)).[12]

Since _Grable_, "the Seventh Circuit has adopted a narrow interpretation" of that case and "[d]istrict courts in the Seventh Circuit have been similarly conservative in their application of _Grable_, particularly where federal law is merely the source of a duty under state law." _Giles v. Chicago Drum, Inc._, 631 F. Supp. 2d 981, 985-86 (N.D. Ill. 2009). And the one Seventh Circuit case decided after _Grable_ that the Armslist Defendants cited is distinguishable as the <u>only</u> disputed issue was one regarding a federal statute, program and guidelines. _Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth._, 776 F.3d 463 (7th Cir. 2015).[13]

Indeed, none of the cases the Armslist Defendants cite involve "garden variety state tort law" claims. _Hess v. Bank of Am. Home Loans Servicing_, No. 1:12-CV-0088-JMS-DML, 2012 WL 1906378, at **2-3 (S.D. In. May 24, 2012) ("As _Grable_ explained, _Merrell Dow_ reflects the Court's view that there is no federal court welcome mat for a garden-variety state law negligence

---

[12]     In _Gaming Corp v. Dorsey & Whitney_, decided before _Grable_ but discussed by the Armslist Defendants at length, plaintiffs alleged that defendant law firm violated state and federal law while representing a Native American tribe with respect to its casino holdings. The Eighth Circuit held that the Indian Gaming Regulation Act controlled and the complete preemption exception applied. 88 F.3d at 547.

[13]     In _Evergreen_, landlords sued the state housing authority for failing to approve rent increases required by federal law. 776 F.3d at 465-66. The Seventh Circuit found jurisdiction based on two factors not present here: (1) "the only disputed issues involve the proper interpretation of Section 8 and HUD's implementing guidance" and (2) that the federal government had a substantial interest in uniformity because the case had "the potential to substantially influence the scope and success of the Section 8 program." 776 F.3d at 468.

claim that relies on a federal statute as the source of the duty and its violation as the breach. . . This is a garden-variety state law negligence claim, and no strong federal interests of the kind and quality demanded under *Grable* are implicated.").

The case the Armslist Defendants rely on most heavily to argue that there is a substantial federal issue here, *NASDAQ OMX Group, Inc. v. UBS Securities, LLC*, 770 F.3d 1010 (2d Cir. 2014), actually shows how rare it is for a case to fall under the "special and small category" of claims arising under federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). The claims in *NASDAQ* "necessarily" raised a "disputed" federal issue: the scope of NASDAQ's obligations under the federal Exchange Act. 770 F.3d at 1021. The *NASDAQ* court further found, with respect to "substantiality," that a lawsuit related to a stock exchange's duties under federal law raises special concerns, since the Exchange Act "requires an exchange to enforce its members' compliance with the Exchange Act, SEC regulations, and the exchanges internal rules." *Id*. at 1014.[14]

No similar interests are at stake here. The Armslist Defendants – private parties who run a for-profit gun market that is regularly used to evade federal firearms laws (*see* Compl. ¶¶ 54-82) – could not have less in common with the exchanges that partner with federal agencies to enforce federal laws.

Finding no support in the case law, the Armslist Defendants try to invent a federal question by arguing that the federal government has a substantial interest in preventing a Wisconsin state court from ruling that, under its law of negligence, a background check should

---

[14]     The court highlighted that the Securities and Exchange Commission coordinates enforcement with NASDAQ, noting "the SEC's particular role in approving NASDAQ's rules, its authority itself to change those rules, its responsibility for overseeing NASDAQ's compliance with the rules, and its power to discipline NASDAQ for rules violations" all point to the existence of "greater federal interests." *Id*. at 1026.

have been performed for a private sale.[15]  (Opp. 10-11)  The Armslist Defendants' argument

ignores the fact that at least ten states and the District of Columbia *already* require background

checks for private sales.[16]  Also, the Armslist Defendants have not shown how the absence of

federal criminal liability for not conducting a criminal background check leads to the conclusion

that the federal government has a strong interest in not allowing civil liability for creating a

foreseeably dangerous situation.  A ruling in this single civil case would not create any blanket

criminal rule, but even if Wisconsin courts were to require a background check for a private sale,

adding Wisconsin to the list of states with such a rule would not intrude on any federal

prerogative.

### D.    Remand Preserves the Well-Established Federal and State Balance

The Armslist Defendants barely acknowledge the fourth prong of the *Grable* analysis.

Instead, they conclude that "[j]urisdiction in this court . . . will not disrupt the balance among

state and federal courts, as this action concerns substantial issues of federal law."  (Opp. at 16)

As Plaintiffs have explained, a balance already exists.  State courts regularly handle tort

cases involving federal firearms statutes, and federal courts routinely remand such actions to the

states.[17]  And district courts must give "due regard for the rightful independence of state

---

[15]      As an aside, the Armslist Defendants' statement is a mischaracterization of the Complaint, which outlines a number of different steps – in addition to background checks – that defendants could have taken to prevent the sale of a weapon to Radcliffe Haughton. (*See e.g.*, Complt. ¶ 63)

[16]      Cal. Penal Code §§ 27545, 27850; Colo. Rev. Stat. § 18-12-112; Del. Code tit. 11, § 1448B; N.Y. Gen. Bus. Law § 898; Or. Rev. Stat. § 166.438; Wash. Rev. Code § 9.41.113; R.I. Gen. Laws §§ 11-47-35 to 11-47.35.2; Conn. Gen. Stat. §§ 29-33(c), 29-37a; D.C. Code Ann. § 7-2505.02; Md. Code Ann., Pub. Safety §§ 5-117, 5-118, 5-121, 5-124; 18 Pa. Cons. Stat. § 6111.

[17]      *See* Br. at 10-11, 13; *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1298 (11th Cir. 2008); *Mickalis Pawn Shop, LLC v. Bloomberg*, 482 F. Supp. 2d 707, 712 (D.S.C. 2007); *Chiapperini v. Gander Mountain Company*, Case No. 14-cv-06281 at 35-36  (W.D.N.Y. 2014); *Jefferson v. Amadeo Rossi, S.A.*, Civ. A. No. 01-CV-2536, 2002 WL 32154285, at **1, 4 (E.D. Pa. 2002); *cf. City of Gary, Indiana v. Smith & Wesson Corp.*, 94 F. Supp. 2d 947 (N.D. Ind. 2000); *City of Camden v. Beretta U.S.A. Corp.*, 81 F. Supp. 2d 541 (D.N.J. 2000); *McNamara v. Arms Tech., Inc.*, 71 F. Supp. 2d 720 (E.D. Mich. 1999); *Norberg v. Badger Guns, Inc.*, No. 10-cv-20655 at 12 (Wis. Cir. 2014); *Lopez v. Badger Guns, Inc.*, No. 10-cv-18530 at 10-12 (Wis. Cir. 2014).

governments." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868 (1941)).

The Armslist Defendants' disregard for Wisconsin's interest in deciding Wisconsin tort claims is evident. The Armslist Defendants begin their opposition by citing *Vesely v. Armslist*, a diversity matter brought in the Northern District of Illinois, and decided under Illinois's law of negligence, to argue that Armslist owes no duty "to the general public" (Opp. at 1 n. 1, 11-12, citing *Vesely v. Armslist, LLC*, No. 13-cv-00607 (N.D. Ill. Jul. 29, 2013), Opp. Ex. 1 at 2). Yet Wisconsin law holds that "'everyone owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others,'" a distinction that renders the *Vesely* court's analysis of Illinois law inapplicable here. *See, e.g., Tessar v. Anderson*, 329 Wis. 2d 240, 247, 789 N.W.2d 351, 355 (Wis. App. 2010).

Put simply, whether the Armslist Defendants are liable to Wisconsin plaintiffs, under Wisconsin law, for conduct that occurred in Wisconsin, is a matter for the Wisconsin courts to decide. That is where this case belongs.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court (1) grant their motion to remand in all respects; (2) require the Armslist Defendants to pay Plaintiffs' just costs and actual expenses incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c); and (3) award such other and further relief as the Court deems proper.

Dated:      New York, New York
             February 5, 2016

                     MANATT, PHELPS & PHILLIPS, LLP

                     By:   */s/ Jacqueline C. Wolff*
                     Jacqueline C. Wolff
                     jwolff@manatt.com
                     Arunabha Bhoumik
                     abhoumik@manatt.com
                     Nirav S. Shah
                     nshah@manatt.com
                     Samantha J. Katze
                     skatze@manatt.com
                     7 Times Square
                     New York, New York 10036
                     Tel: (212) 790-4500
                     Fax: (212) 790-4545

                     Patrick O. Dunphy
                     pdunphy@c-dlaw.com
                     Brett A. Eckstein
                     beckstein@c-dlaw.com
                     CANNON & DUNPHY, S.C.
                     595 North Barker Road
                     P.O. Box 1750
                     Brookfield, WI 53008-1750
                     Tel: (262) 796-3701
                     Fax: (262) 796-3711

                     Jonathan E. Lowy
                     jlowy@bradymail.org
                     Alla Lefkowitz
                     alefkowitz@bradymail.org
                     BRADY CENTER TO PREVENT
                     GUN VIOLENCE LEGAL ACTION PROJECT
                     840 First Street, NE, Suite 400
                     Washington, DC 20002
                     Tel: (202) 870-8104
                     Fax: (202) 370-8102

                     **ATTORNEYS FOR PLAINTIFFS YASMEEN
                     DANIEL, Individually, and As Special Administrator of
                     the ESTATE OF ZINA DANIEL HAUGHTON**

16